UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| OCWEN LOAN SERVICING, LLC, | Case No. 2:16-cv-02653-APG-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 27) |
| FAISSAL AHMEAD, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to serve by publication or in the alternative, to effect service by delivery to the Nevada Secretary of State. Docket No. 27. For the reasons discussed below, the motion to serve by delivery to the Secretary of State is **GRANTED**. The Court **DENIES** the motion to serve by publication.

**I.      Motion to Serve by Publication**

Plaintiff seeks to serve Defendants Corpolo Avenue Trust, Teal Trust, and Resources Group, LLC, by publication. Docket No. 27. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

**II. Service Delivered to the Nevada Secretary of State**

Nevada Rule of Civil Procedure ("NRCP") 4(d)(1) provides that when, "for any reason" service to an entity or association formed under the laws of Nevada cannot be effectuated, service can be made by delivering to the Nevada Secretary of State a copy of the summons and the complaint and by then filing a copy of the process with the court. Nev. R. Civ. P 4(d)(1); *see also Rood v. Nelson*, 2014 U.S. Dist. LEXIS 128723, at *13 (D. Nev. Sept. 15, 2014). If the last known address of an entity or association is outside of Nevada, the plaintiff shall file service upon the secretary of that state. Nev. R. Civ. P 4(d)(1). The only requirement set forth by NRCP 4(d)(1) is, prior to delivering the summons and complaint to the Secretary of State, the plaintiff must provide "an affidavit setting forth the facts showing that personal service on or notice to the entity or association cannot be had" within the state. *Id.*

In this case, Plaintiff seeks to serve Defendants Corpolo Avenue Trust, Teal Trust, and Resources Group, LLC through the Defendants' common managing officer Iyad "Eddie" Haddad. Docket No. 27 at 3. Mr. Haddad is the registered agent for Defendant Resources Group, LLC. *Id.* at 8-9. Plaintiff's assumption that Mr. Haddad serves as the common trustee or managing officer is based on his signature under such title on various documents for Corpolo Avenue Trust and Teal Trust; neither entity has any registration information on file with the Secretary of State. *Id.* Plaintiff has attempted to serve Mr.

Haddad ten times at six different addresses. Docket No. 27-1, 27-2, 27-3. Plaintiff's affidavits sufficiently state the necessary facts to meet NRCP 4(d)(1)'s requirement. *Id.*

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** the motion to serve by delivery to the Secretary of State. The Court **ORDERS** Plaintiff to deliver a copy of the summons attached to a copy of the complaint to the Secretary of State no later than September 15, 2017, and to file a copy of the process with the Court no later than September 20, 2017. The Court **DENIES** the motion to serve by publication.

IT IS SO ORDERED.

DATED: September 6, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge