# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

OCWEN LOAN SERVICING, LLC,

    Plaintiff

v.

CORPOLO AVENUE TRUST, et al.,

    Defendants

Case No.: 2:16-cv-02653-APG-NJK

**Order Granting and Denying Motions for Default Judgment**

[ECF Nos. 71, 72]

Plaintiff Ocwen Loan Servicing, LLC moves for default judgment against defendants Faissal Ahmead and Teal Petals Street Trust. ECF Nos. 71, 72. Ocwen's motions seek two different, contradictory results. Ocwen requests a declaratory judgment against Teal Petals restoring Ocwen's deed of trust lien against the subject property. ECF No. 75 at 8. Against Ahmead, Ocwen seeks a monetary award for the amount of the debt secured by the deed of trust lien "which was purportedly extinguished by the HOA sale." ECF No. 74 at 8. Ocwen cannot have it both ways: if I declare that the deed of trust lien remains against the property (as Ocwen requests against Teal Petals), then I cannot award Ocwen damages against Ahmead for the loss of that lien. Additionally, Ocwen's request for the full amount of the debt against Ahmead does not follow from the complaint's allegations, and the complaint did not sufficiently notify Ahmead that he may be subject to such an award. Thus, I will deny Ocwen's motion as to Ahmead and grant the motion as to Teal Petals.

**<u>Standard for entry of default judgment</u>**

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within my discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

**Analysis**

The clerk of court entered defaults against Ahmead and Teal Petals. ECF Nos. 50, 53. Neither of those defendants has appeared in this case. Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether Ocwen will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). Because Ahmead and Teal Petals are not participating in this case, if default judgment is not entered, Ocwen will be unable to pursue its claims against them. This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors examine whether the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. Ocwen's complaint alleges that neither Ocwen nor the prior beneficiary of the deed of trust received notice of the HOA foreclosure sale.[1] ECF No. 1 at ¶ 24. I must accept this allegation as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo*, 826 F.2d at 917-18. Because the beneficiary at the time did not receive notice, the HOA foreclosure sale was invalid as to the beneficiary and did not extinguish the deed of trust. Thus, the second and third *Eitel* factors weigh in favor of the entry of a default judgment declaring that the deed of trust lien still encumbers the property.

However, the complaint does not sufficiently state a claim supporting Ocwen's present demand for a monetary judgment against Ahmead. The complaint focuses entirely on Ocwen's request for declaratory relief about the validity of its lien. The only mention of monetary damages is in the prayer for relief, where Ocwen seeks damages in the event it is not entitled to a declaratory judgment. *See* ECF No. 1 at 16,¶ 4 ("In the alternative, an order requiring Defendants to pay [Ocwen] all amounts by which it was damaged as a result of the sale."). That is not

---

[1] Ocwen would not have received notice of the foreclosure sale—nor was it entitled to notice—because it did not acquire an interest in the property until 11 months later. ECF No. 1 at ¶ 29.

3

sufficient to put Ahmead on notice that he would be liable for the entire amount of the debt should he lose this lawsuit. And it is far from clear that the entire amount of the debt is the proper measure of damages "as a result of the sale." A deed of trust lien is merely security for the debt. The loss of that lien might result in damages in the amount of the value of the lost security, but that is not certain under these circumstances. And Ocwen still may sue Ahmead on the note and seek the entire amount of the debt that way. Ocwen has not satisfied the second and third *Eitel* factors with regard to its demand for a monetary judgment against Ahmead for the full amount of the debt under the note.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo.*, 238 F. Supp. 2d at 1176. Ocwen's request for a declaration that its lien still encumbers the subject property is a proportional remedy to the improper HOA foreclosure sale. But its request for a monetary judgment in the amount of the entire underlying debt is not proportional to that improper sale. Thus, the fourth *Eitel* factor is satisfied as to the declaratory relief requested but not as to the request for a monetary judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. There could be a dispute whether the original beneficiary of the deed of trust received notice of the HOA foreclosure sale. But at this stage I must accept as true Ocwen's allegation that no such notice was received. *Id.* (citation omitted);

*TeleVideo*, 826 F.2d at 917-18.  Ahmead and Teal Petals have not appeared or rebutted this allegation.  Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendants' defaults are due to excusable neglect. *PepsiCo.*, 238 F. Supp. 2d at 1177.  The clerk of court entered default against Ahmead and Teal Petals over two years ago and they still have not appeared. ECF Nos. 50, 53.  There is no evidence before me that the failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action).  Given the time period during which these defendants had notice of this case yet failed to appear, it is unlikely that they failed to respond due to excusable neglect.  Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits.  "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  But Ahmead and Teal Petals' failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment.  A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

**Conclusion**

I will grant Ocwen's request for a declaration that its deed of trust still encumbers the subject property.  Because the declaration affects the title to the subject property, it is binding on Ahmead to the extent he has any further interest in it.  With that declaration, Ocwen's alternative

request for a monetary award is moot. I thus will deny Ocwen's request for a monetary judgment against Ahmead.

I THEREFORE ORDER that the plaintiff's motion for default judgment against defendant Teal Petals Street Trust **(ECF No. 75) is GRANTED**. The clerk of court is instructed to enter judgment in favor of Ocwen Loan Servicing, LLC and against Teal Petals Street Trust and Faissal Ahmead as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on July 9, 2012 did not extinguish Ocwen Loan Servicing, LLC's interest in the property located at 3762 Corpolo Avenue in Las Vegas, Nevada, and thus that property is subject to Ocwen's deed of trust.

I FURTHER ORDER that the plaintiff's motion for default judgment against defendant Faissal Ahmead **(ECF No. 74) is DENIED**.

I FURTHER ORDER the clerk of the court to close this case.

DATED this 23rd day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE