UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | Case No.: 2:16-cv-02653-APG-NJK |
| Plaintiff | **Order** |
| v. | |
| CORPOLO AVENUE TRUST, et al., | |
| Defendants | |

According to the complaint, this case was filed in this court based on diversity jurisdiction. ECF No. 1 at 1-2.  However, the complaint does not adequately identify the citizenship of Ocwen's members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").  It also does not adequately allege the citizenship of defendants Corpolo Trust; Teals Petal Trust; or Resources Group, LLC. ECF No. 1 at 2-3.

Scolymia Properties LLC now seeks to intervene. ECF No. 92.  However, the parties have not addressed in their briefs how intervention may impact subject matter jurisdiction.

As the party seeking to invoke this Court's jurisdiction, Ocwen bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).  As the party seeking intervention, Scolymia bears the burden of showing that the requirements to intervene have been met. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011); *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

I therefore order Ocwen to show cause why I should not dismiss this action for lack of subject matter jurisdiction based on the original parties to the case.  Ocwen must also address

how Scolymia's intervention may impact subject matter jurisdiction. In its response brief, proposed intervenor Scolymia must address how its intervention may impact subject matter jurisdiction, and it may address whether subject matter jurisdiction exists in this case regardless of its intervention. Defendants/counterclaimants Corpolo Avenue Trust, Teal Petals Street Trust, and Resources Group, LLC may file a response that addresses both questions. The parties should be prepared to discuss these issues at the November 4, 2022 hearing.

    I THEREFORE ORDER that by October 7, 2022, plaintiff Ocwen Loan Servicing, LLC shall show cause why this action should not be dismissed for lack of subject matter jurisdiction. The defendants and proposed intervenor may file a response by October 14, 2022. Ocwen may file a reply by October 21, 2022.

    DATED this 27th day of September, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE